**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BEE CHANG,**
**Petitioner,**

**v.** **Case No. 26-cv-1508**

**DALE J. SCHMIDT,**
**Respondent.**

---

**ORDER**

On September 3, 2026, petitioner Bee Chang filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition indicated that he is being detained at the Dodge County Detention Facility in Juneau, Wisconsin, by U.S. Immigration and Customs Enforcement ("ICE"). The petition alleged he feared deportation to Thailand or an unidentified third country, and asserted he was a class member in an action that would protect him from said deportation. *See D.V.D. v. DHS*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025). Petitioner also alleged such deportation would violate the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.*; the Foreign Affairs Reform Restructuring Act of 1998 (FARRA), Pub. L. 105-277 Div. G, Title XXII, § 2242(a), 112 Stat. 2681, 2681–822 (1999) (codified as statutory note to § 1231); and the Due Process Clause.

On September 4, 2026, I ordered respondent to show cause why the petition should not be granted. ECF No. 2. Respondent filed his brief in opposition on September 14, 2026. ECF No. 4. Petitioner filed his reply on September 21, 2026. ECF No. 7. For the reasons explained below, I deny the petition.

## I. BACKGROUND

Petitioner was born in a refugee camp to Hmong parents in Thailand after his parents fled Laos due to persecution based on their support for the U.S. government during the Vietnam war. ECF No. 1, ¶¶ 1, 47. Therefore, petitioner is stateless. *Id*. ¶ 1. He became a U.S. permanent resident on March 25, 1983, at five years old. *Id*. ¶ 47. When petitioner was 18 years old, in or around 1996, he was convicted of a felony. *Id*. On October 1, 1998, petitioner was ordered removed by an immigration judge pursuant to that felony. *Id*. However, petitioner was released and placed on supervision, presumably because he was stateless. *Id*. ¶ 48.

While on supervised release, petitioner complied with supervision requirements, including checking in with the Milwaukee ICE office. *Id*. On August 25, 2026, petitioner's supervised release was revoked and he was detained. *Id*. The notice of revocation indicates that the revocation was because "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." ECF No. 6-2 at 1. That notice also explained that ICE is now seeking travel documents to remove petitioner to Laos. *Id*. at 2.

## II. LEGAL STANDARD

A petition for a writ of habeas corpus challenges the legality or constitutionality of the government's restraint or imprisonment of the petitioner. 28 U.S.C. § 2241. A petitioner bears the burden to demonstrate that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). When reviewing a habeas petition, I may consider affidavits and documentary evidence, such as records from any underlying proceeding. 28 U.S.C. §§ 2246, 2247. I am not required to hold an evidentiary hearing when the

petition and answer present only issues of law. *Toe v. Schmidt*, No. 24-cv-13, 2024 WL 493289, at *2 (E.D. Wis. Jan. 18, 2024) (citing 28 U.S.C. § 2243).

## III. DISCUSSION

The crux of petitioner's original petition was that he feared ICE was in the process of removing him to an undisclosed third country, and thus he would not have sufficient notice and opportunity to seek protections related to fears of persecution. ECF No. 1, ¶¶ 55–56. He further posited he was a class member in *D.V.D.*, which would protect him from deportation to a third country. However, the government provided evidence that not only did petitioner's original order of removal list both Thailand and Laos as countries for deportation, ECF No. 6-1, petitioner's notice of revocation issued on August 25, 2026, also indicated that ICE was actively seeking to remove him to Laos, ECF No. 6-2 at 2. Therefore, petitioner cannot claim that he has not had sufficient notice and opportunity to seek protections, nor that he is a member of the *D.V.D.* class.

Petitioner apparently concedes this point, as his reply instead focuses entirely on whether petitioner's continued detention is lawful. *See generally* ECF No. 7. In this respect, petitioner makes two arguments. First, he argues that his continued detention is unconstitutional because the government failed to provide evidence that petitioner's removal to Laos is significantly likely in the reasonably foreseeable future. Second, he argues that the revocation of petitioner's order of supervision violated his due process rights because the government did not demonstrate a changed circumstance.

Once a removal order is final, noncitizens must remain in custody for the "removal period" of 90 days following the issuance of the removal order. [1] *Zadvydas v. Davis*, 533

[1] This is a slight oversimplification of the "removal period," but it serves the purposes of this petition.

U.S. 678, 683 (2001). Under 8 U.S.C. § 1231(a)(6), an individual in petitioner's procedural status, "who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period." I'll assume for the purposes of the petition that the removal period has passed.

The facts in this case are strikingly similar to those of *Zadvydas*. Zadvydas was born of Lithuanian parents in a displaced persons camp in Germany in 1948. *Id*. at 684. He began living in the U.S. at eight years old. *Id*. Zadvydas's criminal activity ultimately led to a deportation order in 1994. *Id*. However, Lithuania, Germany, and the Dominican Republic (his wife's country) refused to accept him because he was not a citizen of any of those countries. *Id*. Zadvydas was detained throughout these proceedings from 1994 until 1997. *Id*. at 684–85. At issue in *Zadvydas* was whether the government could indefinitely detain a noncitizen past the removal period when there was no "realistic chance" that the individual could be removed to another country. *Id*. at 690. The court ultimately agreed that to indefinitely detain anyone, citizen or noncitizen, in a civil proceeding subject almost exclusively to administrative proceedings is an unlawful deprivation of due process. *Id*. at 690–696. The gravamen is this: "a[ noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701.

Petitioner's procedural status is highly reminiscent of Zadvydas's. He, too, is stateless, has lived in the United States since he was a young child, and is now ordered removed pursuant to a criminal conviction.[2] Because he is not a citizen of Thailand or

[2] Petitioner also claims that his conviction does not constitute a removable offense and asserts he is now also seeking review of his removal order. ECF No. 7 at 5–6. However, the jurisdiction-stripping provision of the Immigration and Nationality Act prohibits me from reviewing a final order of removal, which can only be considered by an appropriate court of appeals. 8 U.S.C. § 1252.

Laos, it seems reasonable to expect that neither country may permit his "return." However, as the government notes, petitioner's detention up to this point has been relatively brief: approximately one month. The government has indicated it is seeking travel documents to remove petitioner to Laos. It cannot yet be said that there is any "determin[ation]" that there is "*no* significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701 (emphasis added).

Petitioner notes that the government has done nothing more than submit a request for travel documents. ECF No. 4 at 6. Laos has not issued a travel document, agreed to accept petitioner, or given any assurance that he will be accepted for repatriation. ECF No. 7 at 2. However, I recently credited the government's representation in another case that it was not only seeking travel documents, but it also had reason to believe that those documents were likely to issue in the near future. *Xiong v. Schmidt*, No. 26-CV-999, 2026 WL 1991591, at *2 (E.D. Wis. July 9, 2026). Here, the government submitted a sworn statement by Supervisory Detention and Deportation Officer Carly Schilling who stated petitioner completed an application for travel documents to Laos on August 26, 2026. ECF No. 6, ¶ 8. Furthermore, her "recent experience" is that "such requests made with the Laotian government have been routinely honored and travel documents have been issued to Laotian nationals to facilitate their removal." *Id*. ¶ 10. In fact, she "anticipates" receiving the requested travel documents "in the near future." *Id*. ¶ 11. Petitioner argues that the government must do more than "simply state" this change occurred; it must "identify what evidence [e]xists that establishes a significant likelihood of [petitioner's] actual removal in the reasonably foreseeable future." ECF No. 7 at 3. But petitioner

provides no authority for this proposition and cannot meet his burden to show the government should not be believed on this point.

Nonetheless, there is an important difference between *Xiong* and this case: petitioner here is *not* a Laotian national. He is stateless. While it seems very clear that the Laotian government is now cooperating with repatriation of its nationals, it is unclear whether Laos is accepting noncitizens. However, setting this aside, I agree with the government that petitioner's brief, one-month detention has yet to approach the lengths of "indefinite detention" considered unconstitutional in *Zadvydas*. 533 U.S. at 701 (2001) ("After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). Thus, I am not persuaded that petitioner's detention is yet unlawful under *Zadvydas*.

For many of the same reasons, I must reject petitioner's contention that there is no changed circumstance in the probability of petitioner's removal. I recently agreed with a case that petitioner cited: *Moussa S. v. Bondi*, No. 26-cv-1408, 2026 WL 622680 (D. Minn. Mar. 5, 2026). In *Moussa*, the court noted that "although *receiving* a travel document is a 'changed circumstance' justifying revocation of release under § 241.13(i)(2), merely *seeking* a travel document—without more—is not." *Id*. at *1 (emphasis in original). However, as I explained in *Xiong*, the government's sworn declaration that it legitimately believes the documents will be issued is "more" than merely seeking a travel document. 2026 WL 1991591, at *2. This is sufficient to constitute a "changed circumstance." Again, as with petitioner's prior argument, it may become clear that the government's belief is inaccurate or that its faith in the Laotian government is misplaced, at least as it pertains

to noncitizens the U.S. intends to remove to Laos who are not Laotian nationals. But only time will tell. If it becomes clear that petitioner's detention has become indefinite or circumstances have not in fact changed, petitioner may file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). [3]

For these reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.** The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

[3] The government also argues that I should not consider the petition because petitioner has failed to exhaust administrative remedies. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). But this requirement is not statutory and, thus, sound judicial discretion governs. *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992), *superseded by statute on other grounds as recognized in Woodford v. Ngo*, 548 U.S. 81 (2006). In this case, I find that petitioner has raised sufficiently substantial constitutional questions to forego the exhaustion requirement. *Gonzales*, 355 F.3d at 1016. This is so because petitioner is in the unique position of being stateless, which has a significant effect on the due process analysis.